## Ann Morgan, Appt., *v.* Sarah Ann Morgan.

This court will not reverse the master and the court below upon mere matters of fact, unless a clear error is pointed out, nor where there is testimony to sustain the master's findings.

Where parties ask this court to review findings of fact by a master, they should, in the printed argument, collect the evidence relating thereto, with a reference to the pages where it may be found.

(Argued November 2, 1886.  Decided January 3, 1887.)

October Term, 1886, No. 136, W. D., before GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Appeal from a decree of the Common Pleas No. 1 of Allegheny County in equity, overruling exceptions to a master's report and dismissing a bill in equity for an accounting. Affirmed.

This was a bill in equity brought by Ann Morgan against Sarah Ann Morgan, to establish the fact that complainant is a member of the firm of Morgan & Company, and praying an accounting of the profits of the firm and a conveyance of part of the real estate purchased with such profits, and for general relief.

The facts of the case were as follows:

The firm of Morgan & Company was established after the

NOTE.—For the conclusiveness of the findings of fact of a master, see note to Messinger's Appeal, 1 Sad. Rep. 1; and of an auditor, see note to Warner's Appeal, 1 Sad. Rep. 310.

death of complainant's husband, and as complainant alleges with the proceeds of real estate of which he died intestate, and consisted of herself, her son Benjamin W., and respondent. The firm engaged in the manufacture and sale of hats, afterwards in the manufacture and sale of confectionery, then in the oil business, and again in the confectionery business.

Out of the proceeds of these several business adventures certain real estate was purchased with partnership funds, the title of part being taken in the name of Benjamin W. Morgan and part in that of Sarah Ann Morgan, but the title to all such real estate being now held by respondent.

The answer of the respondent denied the allegations of the bill in relation to the partnership, and alleged that respondent purchased the properties described in the bill and paid for them with her own moneys.

The master who was appointed to take testimony and report recommended the dismissal of the bill. After hearing exceptions to his report the court below delivered the following opinion:

"After a careful examination of the evidence adduced in this case, I am unable to say that the report of the master is erroneous.

"The evidence is in many respects absolutely irreconcilable and upon the whole presents such a case as in my opinion makes it the duty of the court to dismiss plaintiff's bill.

"The exceptions filed to the master's report are, therefore, now overruled, and it is ordered that plaintiff's bill be dismissed, at her costs."

The complainant appealed assigning, *inter alia,* as error the refusal to sustain the exceptions of the master's report.

*George Shiras, Jr.,* for appellant.

*Marshalls & Imbrie* for appellee.

Opinion by Mr. Justice Paxson:

We are asked in this case to reverse the master and the court below, upon mere matters of fact. We certainly would not be justified in doing so unless clear error had been pointed out. This has not been done. The most that can be said is that there

is a conflict of testimony. But we cannot say the master erred in giving more weight to some witnesses than to others. I have examined the printed testimony with some care, and I find abundant evidence to sustain his findings. No court of law would disturb the verdict of a jury in favor of the defendant upon the evidence submitted in this case.

Applications of this nature have become so frequent, owing in part to the increase of the equity practice, that it is proper to say here that where parties ask us to review the findings of fact by a master, they could materially lighten our labors if, in the printed argument, they would collect the evidence *pro* and *con* bearing upon every disputed question of fact, with a reference to the pages where it may be found in full. It often happens that the testimony of a witness covers many pages, while that bearing upon a particular fact covers but a few lines.

As an illustration, we are referred in the appellant's argument to the evidence of Benjamin W. Morgan, pages 1 to 27 of appendix. It is a great waste of time to read over 27 pages to find what may probably be condensed into a few lines. If we had but this one case to dispose of, it would not matter; but when it is considered that we decide over 800 cases per year, it becomes more important. The presentation of a case of this kind in the manner indicated would enable us to grasp it at once.

The claim of the plaintiff in this case is certainly an extraordinary one. It would require very clear evidence at this late day to sweep away one half of the defendant's fortune upon a claim of partnership such as this. The probabilities are all against it, and the defendant's statement is sustained throughout by all the documentary evidence. It would be a useless task for us to take up the testimony in detail in connection with the numerous assignments. As before observed, they all relate to questions of fact, and we cannot say the master has erred in any particular.

Decree affirmed and the appeal dismissed, at the costs of the appellant.